Kaiger v. Brandenburg.

Filed April 29, 1892.

<hr/>

No. 598.

KAIGER v. BRANDENBURG.

EVIDENCE.—*Objection to on Trial.—Consideration of on Appeal.*—Objections to the admission of testimony, to be considered in this court, must have been saved in the court below, and must be shown by the record.

ESTOPPEL. —*Vendor and Vendee.— Vendor Estopped from Denying Title.— Replevin.—Defence in.*—Where a person having property in his possession sells it to another who purchases it in good faith, and according to the terms of said sale the vendor is to retain possession of the property for a specified time, and at the expiration of such time the vendor refuses to deliver up the property to the vendee, and an action in replevin is instituted by the vendee against the vendor to recover such

property, the vendor will be estopped from setting up in defence that he had no right to sell the property.

From the Hancock Circuit Court.

*S. E. Urmston, A. M. New* and *H. Warrum,* for appellant.

*C. G. Offutt, E. Marsh* and *W. W. Cook,* for appellee.

NEW, J.—This was an action by the appellant against the appellee, in the circuit court, to recover the possession of a stallion.

In the complaint it is alleged, among other things, that the appellant is the owner and entitled to the possession of the stallion; that the appellee has the possession thereof without right, and unlawfully detains the same.

There was an answer of general denial; trial by jury; verdict and judgment for the appellee.

A motion for a new trial was overruled, and this has been assigned as error by the appellant.

The reasons for a new trial, which are discussed by counsel, relate to the introduction by the appellee of certain testimony and the giving of instructions by the court.

Upon the trial the appellant, to establish title and right of possession in himself, introduced in evidence a bill of sale of the horse, executed by the appellee to him on the 7th of May, 1890, and also an agreement in writing, entered into between the appellant and the appellee on the same day, by which it was stipulated that the appellee should keep, feed and care for the horse for the appellant for the period of thirty days for a compensation named in the agreement. The appellant also proved the value of the horse, and that after the expiration of the thirty days he demanded of the appellee the possession of the horse, which was refused. With this evidence the appellant rested.

One of the reasons assigned for a new trial is that the court erred in permitting the appellee to testify that at

the time of the sale of the horse by the latter to the appellant, John F. Freeman and Andrew J. Smith owned interests in the horse, and that the appellee had no authority from Freeman and Smith to sell the horse.

After a careful examination of the record, we have been unable to find that any grounds of objection to this testimony were stated to the court below.

It has been settled by many decisions in this State that the record must set forth the objections to the testimony that were stated to the trial court, and that no objection in that respect can be urged upon appeal, except those stated to the court upon the trial. *Rottenburg* v. *Nixon*, 97 Ind. 106; *Indiana, etc., R. W. Co.* v. *Cook*, 102 Ind. 133; *Shaffer* v. *Ferguson*, 103 Ind. 90.

Counsel for the appellant also complain that Freeman and Smith were permitted to testify for the appellee, that they each owned an interest in the horse at the time of said sale. We find that this testimony was given without objection.

Instruction numbered three, given by the court to the jury, was to the effect that if Freeman and Smith were interested in the horse as joint owners with the appellee at the time of the sale, the appellant could not recover.

The giving of this instruction was error.

The sale was made by the appellee when he was in the possession of the horse, and he is the sole defendant. In action for the recovery of personal property, the plaintiff must recover upon the strength of his own title. This doctrine is elementary. It is also well settled in this State that the general denial, when pleaded in answer to a complaint in replevin, not only requires the plaintiff to make out title in himself, but will admit evidence relative to the right of possession in the defendant, or even in a stranger. But while this has become settled as a rule of pleading and practice in this State, it does not put aside or abrogate established legal principles relating to and regu-

lating the rights of the parties who are the litigants in the given case.

If a party has a horse in his possession and sells him, the law says, from the nature of the transaction, that the vendor warranted the horse to belong to himself, and that he had a right to sell it. To permit the vendor, in such a case, to show that he did not have the right to sell, but had undertaken to sell that which did not wholly belong to him, would be to encourage and permit him to trifle with others who were acting in good faith, and to take advantage of his own wrong.

"What I induce my neighbor to regard as true is the truth as between us, if he has been misled by my asseveration," became a settled rule in equity at a very early period in courts of equity.

In trover, as in replevin, the plaintiff must recover, if at all, on his own title and right of possession, and it has been held that in trover the defendant may be estopped from denying the title of the plaintiff. See *Nevett* v. *Berry*, 5 Cranch (C. C.), 291, where the defendant had executed a bill of sale of personal property.

In *Rinker* v. *Rinker*, 20 Ind. 185, it was held that where property was transferred as a valid gift, the one so transferring it will not be allowed to question the title of the donee, although in the making of the gift there was a breach of trust.

In *Hall* v. *White*, 3 C. & P. 136, it was held that where a party pretends that he has the goods when a demand is made of him for their possession, and the plaintiff is thereby induced to sue him, he can not defend on the ground that he did not have the goods.

When one stands by in silence and permits another to act upon an erroneous state of facts, to the injury of the person whom he has permitted to remain in error, he is estopped from setting up his rights. We do not see why this principle does not apply to a case like the one at bar,

where the vendor withholds from his vendee the fact that other persons are interested in the property. The rule finds many illustrations in the different cases, but the principle is the same in all.

As bearing strongly on this question, we cite *Rice* v. *Crow*, 6 Heisk. 28; *Hardin* v. *Joice*, 21 Kan. 318; Cobbey Law of Replevin, sections 125, 147.

The judgment is reversed, with costs.

Filed April 28, 1892.