The Lake Erie and Western Railroad Company v. Lucas.

## THE LAKE ERIE AND WESTERN RAILROAD COMPANY v. LUCAS.

[No. 2,227.   Filed October 6, 1897.]

COMPLAINT.—*Ejection of Passenger.—Necessary Averments.*—A complaint in an action against a railroad company for the wrongful ejection of a passenger, alleging that such passenger tendered to the conductor the regular cash fare to a station on defendant's road is insufficient, which does not allege that the regulations of defendant provided for the discharge of passengers from the train on which plaintiff was riding at such station.

SAME.—*Ejection of Passenger.*—It must affirmatively appear from the complaint in an action against a railroad company for the ejection of a passenger, that the ejection was wrongful.

From the Benton Circuit Court.   *Reversed.*

*W. E. Hackedorn, John B. Cockrum, Stuart Brothers & Hammond* and *E. Grant Hall,* for appellant.

*Will R. Wood, Charles Thompson* and *Fraser & Isham,* for appellee.

BLACK, J.—The appellee recovered judgment against the appellant for expulsion from the appellant's train of cars, upon which the appellee had entered as a passenger.   A demurrer to the complaint was overruled.   In the complaint it is shown that the appellee tendered the conductor the regular cash fare from LaFayette, where she entered the car, to Tipton, a station on appellant's railway to which the train was run, but the conductor refused to accept the amount so tendered and demanded fifty cents more, and threatened to stop the train and eject the appellee

therefrom, whereupon she tendered the regular cash fare from LaFayette to Dayton, the next station on appellants road, but the conductor refused to accept, and stopped the train and ejected the appellee. It is not shown that the regulations of the appellant provided for the discharge of passengers from the train on which appellee was riding either at Tipton or at Dayton.

No.presumption can be indulged against the defendand in such case, but the wrong of defendant must be affirmatively shown.

It does not appear from the complaint that the expulsion was wrongful, and it is not shown that the appellant employed excessive force in ejecting the appellee. *Chicago, etc., R. R. Co.* v. *Bills,* 104 Ind. 13; *White* v. *Evansville, etc., R. R. Co.,* 133 Ind. 480 *Pittsburgh, etc., R. W. Co.* v. *Lightcap,* 7 Ind. App. 249.

The complaint was insufficient.

The judgment is reversed and the cause remanded, with instruction to sustain the demurrer to the complaint.

WILEY, C. J., did not take part in this decision.