## The Evansville and Terre Haute Railroad Company *v.* Wilson.

[No. 2,421.   Filed April 19, 1898.]

CARRIERS.—*Stopping Trains at Stations.—Rules of Company.—Duty of Passengers.*—In the absence of a statutory provision to the contrary, a railroad company may make rules providing that particular trains shall stop only at certain stations, when it furnishes reasonable means for reaching all stations on its road by some of its trains, and it is the duty of a passenger taking passage on a train to inform himself when, where, and how he may stop according to the regulations and time card of the railroad company, and if he make a mistake not induced by the company, he has no remedy against the company for its enforcement of such rule. *p. 10.*

SAME.—*Ticket May be Supplemented by Parol Agreement.*—The provisions of a railroad ticket my be supplemented by a special parol arrangement whereby the company agrees to stop its train at a place where it is not scheduled to stop. *p. 11.*

SAME.—*Failure to Stop Train as Per Agreement.— Tort.— Costs.*— Where a railroad company agrees with a passenger to stop a train at a particular place, a failure to do so is a breach of duty which will support an action in tort. *p. 12.*

From the Knox Circuit Court.   *Affirmed.*

*Iglehart & Taylor* and *Reily & Emison,* for appellant.

*W. A. Cullop* and *C. B. Kessinger,* for appellee.

BLACK, J.—The complaint of the appellee, May D. Wilson, after its introductory matter, showed in substance, that on the 6th day of August, 1895, the appellant, by its ticket agent at Vincennes, notified all persons desiring to purchase tickets over its railroad for the purpose of attending a picnic being held in the vicinity of Purcells, that its passenger train going north through that place at about 8:45 or 9 o'clock

p. m. on that day, would stop and take such persons as desired to be carried as passengers on said train, which passed through Purcells for Vincennes at that time; that on that day, and for days previous thereto, it advertised and suffered to be advertised, by posters put up in public places, and announcements made in the press of Vincennes, that persons wishing to attend the picnic in the vicinity of the Purcells station would be carried from Vincennes to Purcells on said day, and that said train going north through Purcells at said hour would stop and carry said passengers back to Vincennes; that the appellant on said day sold tickets to all persons applying at its office at Vincennes for Purcells and return upon said train; that its ticket agent so notified them, and authorized persons in charge of the picnic to notify others and the public generally at the time the tickets were purchased, that said train would stop, and carry them back to Vincennes; that on said day, the appellee, a resident of Vincennes, desiring to go to Purcells for the purpose of attending said picnic, purchased a ticket therefor and return, which was then and there sold and delivered to her by the appellant for a valuable consideration; that on said evening at and before the time for the arrival of said train, and after having been notified by the appellant's ticket agent at Vincennes when she purchased her ticket, and as otherwise stated, that said train would stop for her, and carry her back to Vincennes, she went to said station, and the proper place thereat, for the purpose of taking said train to be carried as a passenger to Vincennes, having already provided herself with a return ticket as aforesaid; that a part of her ticket used for her passage from Vincennes to Purcells was taken up by the conductor of the train which carried her from Vincennes to Purcells, and that it remained still in the

possession of the appellant; that the return part of her ticket did not provide for her return on any particular train, but it did provide that it was to be good for one return passage from Purcells to Vincennes, if used on date stamped on the back; that it was stamped on the back, "Union Depot, Vincennes, Indiana, August 6th, 1895;" that there was no stipulation concerning her return on any particular train, but the appellant sold it to her for the sole purpose of returning on said train, and no other, and so agreed with her, and notified her to return on the same, and there was no other train on appellant's road that day for her to return upon; that the appellant disregarded its duty, ran its train through said station without stopping to carry the appellee back to Vincennes, and wrongfully and unlawfully failed and refused to stop its said train and admit her as a passenger thereon; that she hailed said train to stop for her, but it disregarded all signals to stop and ran by and left her at said station, and refused to carry her as such passenger, although the appellant well knew that it had agreed to do so; that it was a dark night; that the appellee was some eight miles from home and without means of being conveyed back to Vincennes; that it was a strange place; that she was in bad health and among strangers; that she had to secure a conveyance to take her back to Vincennes, her home, at great expense; that she was some four or five hours in being returned to her home; that she was exposed to the night air and the perils of a journey from said place under said circumstances to Vincennes. There were a number of averments relating to damages which need not be set out. It was further alleged that said train was the only train which the appellant at that time was running as a regular train on that evening to Vincennes.

Issues were formed, the trial of which by jury resulted in a general verdict for the appellee for thirty dollars. The jury also returned answers to interrogatories submitted by each party. It was thus specially found, in substance, that on the 6th of August, 1895, the appellee went from Vincennes to Purcells on a train of the appellant, upon a ticket of which the following is a copy: "Evansville Route. Evansville & Terre Haute Railroad. Vincennes to Purcells. Good only on date of sale for continuous passage on trains stopping at points named when stamped by selling agent. Form F. Evansville Route. Evansville & Terre Haute Railroad. Good for one return passage. Purcells to Vincennes. If used on date stamped on back, otherwise void. Form F."

It was found that in addition to the contract contained in the ticket, the appellant contracted to carry appellee to Purcells and back to Vincennes, the additional contract being made with C. N. Cheever, ticket agent of the appellant; that he had authority from the appellant to make such contract other than that he possessed by reason of his being such ticket agent; that F. P. Jeffries, general passenger agent of the appellant, made a special contract by which the appellee was to be returned from Purcells to Vincennes on the train passing Purcells going north at 8:45 or 9 p. m.; that said train going north, by the rules and regulations of the railroad, did not stop at Purcells at, and for more than one year before said date; that it did not on said evening stop at Purcells for the appellee to take passage to Vincennes; that the appellant had a passenger train at Purcells about 11 o'clock p. m. at said date, and stopped it there for the appellee to ride thereon to Vincennes; that she left Purcells and returned to Vincennes before the train sent by the

appellant reached Purcells; that it was a warm, pleasant, moonlight night at Purcells, but cool after 9 o'clock; that appellee returned to Vincennes by some means other than a car of appellant on its railroad; that on account of her going home by other means she suffered by taking cold, and was put to expense in the sum of twenty-five cents; that by reason of appellant's failure to carry her from Purcells to Vincennes, she suffered humiliation or indignity; that the defendant notified her that said train would stop at Purcells, the notice being given by C. N. Cheever, on that day, verbally; that the train on which the appellant agreed to carry her back when she bought her ticket, was known as train No. 4; that the appellant failed to stop this train at Purcells because the superintendent of the appellant, William Corbett, neglected to notify the crew in charge of the train to do so; that when she bought her ticket, appellant agreed with her that it would stop train No. 4 going north through Purcells at 8:45 or 9 o'clock p. m. to carry her back to Vincennes on said ticket; that appellant failed so to stop the train because it neglected to notify the crew in charge of the train to stop at Purcells; that her ticket was sold her for the purpose of her return on said train No. 4; that at the time appellant sold her the ticket it did not have running on said road any train for her return other than said train No. 4; that appellant sent an engine and borrowed coach to Purcells to bring appellee back to Vincennes, because it had forgotten to have train No. 4 stop for her to carry her back to Vincennes.

The appellant's motion for judgment upon the jury's answers to interrogatories, and its motion to tax the costs against the appellee were overruled. These rulings are assigned as errors, and the question as to the sufficiency of the complaint is for the first time pre-

sented by assignment of error. The complaint does not allege that by the rules and regulations of the appellant the station of Purcells was a regular stopping place for the train, upon the failure to stop which the complaint is based. It is a well established general rule, that in the absence of statutory provision to the contrary, a railroad company may make rules providing that particular trains shall stop only at certain stations, when it furnishes reasonable means of reaching all stations on its road by some of its trains, and that it is the duty of a person taking passage on a train to inform himself when, where, and how he may stop according to the regulations and time card of the railroad company, and if he make a mistake, not induced by the company, he has no remedy against the company for its enforcement of such rule. *Pittsburgh, etc., R. W. Co* v. *Nuzum,* 50 Ind. 141, 19 Am. Rep. 703; *Chicago, etc., R. R. Co.* v. *Bills,* 104 Ind. 13; *Ohio, etc., R. W. Co.* v. *Applewhite,* 52 Ind. 540; *Pittsburgh, etc., R. W. Co.* v. *Lightcap,* 7 Ind. App. 249; *Baltimore, etc., R. R. Co.* v. *Norris,* 17 Ind. App. 189, 60 Am. St. 166; *Lake Erie, etc., R. R. Co.* v. *Lucas,* 18 Ind. App. 239.

In a complaint by a ticket holder for failure to stop the train on which he is traveling at the station named in his ticket, it is necessary to show that the regulations of the railroad company provided that the train should stop at such place; and so, also, in order to put the railroad company in the wrong, in a complaint for failure to stop a train to receive the ticket holder, it should be made to appear that it was the duty of the company toward the ticket holder to so stop the train. But the company may make a special arrangement for the stopping of a particular train at a certain station at which under the general rules and regulations it is not required to stop. Such a

contract is not unlawful, and the breach of it whereby the ticket holder, induced to take passage under it, is prevented from returning to his home as contemplated by the contract, by reason of the failure to stop the train, would entail upon the railroad company liability for violation of duty. See *Pittsburgh, etc., R. W. Co.* v. *Nuzum, supra; Ohio, etc., R. W. Co.* v. *Hatton*, 60 Ind. 12; *White* v. *Evansville, etc., R. R. Co.*, 133 Ind. 480; *Chicago, etc., R. R. Co.* v. *Dumser*, 161 Ill. 190, 43 N. E. 698. It is suggested in argument that such an arrangement for the stopping of a train contrary to the general rules and regulations cannot be made by a ticket agent.

It is sufficiently. alleged in the complaint that the special regulation for stopping the train, by way of notice to her and agreement with her, was made by the appellant, and the special findings of the jury are not inconsistent with the general verdict. Whatever may be the proper view as to whether or not the passenger's ticket or provisions therein should be treated as a contract, we are of the opinion that it may be supplemented by such special matter in parol as the arrangements here shown for the stopping of the train. And while it is doubtless true that it is not within the implied authority of agents for the sale of tickets at its stations to change the duly established regulations of the company for the stopping of its passenger trains, yet where a ticket has been purchased and in part used under the circumstances disclosed in this case, the company is liable for the damages resulting to the passenger for failure to stop the train. The case is not one requiring us to go further and to decide as to the responsibility of the company for the injurious consequences of the giving of merely false information by a ticket agent to a passenger concerning the running or stopping of trains. There ap-

pears to have been a negligent failure to stop the train when and where it was the duty of the company toward the appellee to stop it.

The appellant moved to tax costs against the appellee, because the verdict was for a sum less than fifty dollars, it being assumed that the action was upon contract. Under the relation created by the facts in the case, the appellant owed the appellee a duty, the violation of which was a tort. The contract of carriage was an incident in the creation of the relation from which the duty arose. The action was based upon the violation of the duty, and was in tort. The judgment is affirmed.