## Indiana Railway Company *v.* Orr.

[No. 6,131. Filed March 19, 1908.]

1. STREET RAILROADS.—*Transfers.—Mistakes.—Ejection of Passenger.*—A transfer ticket furnished by a street railway company to a passenger is not conclusive evidence between the parties as to any error therein, and the burden is on the company to prove the falsity of such passenger's explanations in order to avoid liability for his wrongful expulsion from the car. p. 429.

2. DAMAGES. — *Compensatory.* — *Amount.—Mental Suffering.—Humiliation.*—Where defendant's unlawful act has given a right of action for damages to the plaintiff, mental suffering and humiliation caused by such act are proper elements of compensatory damage, regardless of physical injury; and difficulty in determining the amount of such damage does not defeat the right thereto. p. 430.

3. SAME.—*Excessive.—Street Railroads.—Ejecting Passenger.*—One hundred dollars is not excessive damages for the unlawful ejection of a passenger from a street-car, where many friends

Indiana R. Co. *v.* Orr—41 Ind. App. 426.

were on such car, and the plaintiff, though not physically touched, was greatly humiliated. p. 430.

4. DAMAGES.—*Elements.*—*Torts.*—*Negligence.*—*Physical Injury.*—*Mental Suffering.*—Where an actionable wrong has been committed, one element of the compensatory damages for which is mental suffering, a physical injury need not be shown. p. 431.

5. STREET RAILROADS.—*Transfers.*—*Negligence.*—The duty to give a passenger on a street-car a correct transfer rests exclusively upon the company. p. 431.

6. SAME.—*Ejecting Passenger.*—*Damages.*—The fact that a passenger alighted from a street-car when the conductor wrongfully ordered him to do so does not relieve the company from the damages caused thereby. p. 431.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Joseph G. Orr against the Indiana Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*A. L. Brick, D. D. Bates* and *A. G. Graham,* for appellant. *Isaac K. Parks,* for appellee.

WATSON, J.—This was an action by appellee against appellant street railway company to recover damages for unlawful expulsion from one of appellant's cars. The cause was tried by the court. A special finding of facts was made and the conclusion of law thereon was that appellee was entitled to recover. He was awarded damages in the sum of $100.

Appellant assigns as error: (1) Overruling the demurrer to appellee's amended complaint; (2) the conclusion of law stated upon the special findings.

The facts found were, in substance, that appellant was incorporated under the laws of the State of Indiana, and was operating a street railway in the city of South Bend. By virtue of a contract between appellant and said city, appellant was bound to issue transfers, free of charge, to all passengers requesting the same who boarded its cars at any point upon its line within the limits of South Bend and paid the regular fare, and whose destination was any point upon

any other line within the city limits, such transfer ticket to be valid only upon the next car leaving on the line indicated after the arrival of the car upon which passage was first taken. On November 6, 1906, at about 7:30 o'clock p. m., appellee boarded a west-bound passenger-car on the North Side Mishawaka line within the city limits. Said car was due to arrive at the transfer station about 7:45 o'clock p. m. Appellee paid the conductor the regular fare, and asked for and received a transfer to the Chapin street line. Upon reaching the transfer station appellee boarded the first Chapin street car leaving said station after the arrival of the North Side Mishawaka car, and tendered to the conductor of the Chapin street car said transfer in payment of his fare. The conductor refused to accept the same, stating "that it is too old; that it was punched for the 7:15 o'clock car," and demanded a cash fare. Appellee explained to said conductor that the conductor of the North Side Mishawaka car must have made a mistake in punching said transfer ticket, as appellee had reached the transfer station on the 7:45 o'clock car, had immediately entered the Chapin street car upon which he was then riding, and that this car was the first one leaving the transfer station after his arrival there. For that reason appellee refused to pay another fare, and thereupon the conductor again demanded that he pay a cash fare or leave the car. Appellee again refused to pay an additional fare, whereupon the conductor rang the bell, stopped the car, ordered appellee to get off, and appellee did get off said car. A mistake had been made by the conductor who issued said transfer ticket to appellee, so that at the time appellee was ordered from said car said ticket did not show on its face that appellee was entitled to ride on it. The conductor of the Chapin street car had no means of knowing of such mistake except by the statement of appellee, and no malice nor abuse entered into or became a part of the conductor's ordering appellee from the car and requiring him to

leave the same. Said conductor refused to believe appellee's statement that a mistake had been made in issuing said transfer ticket. The point where appellee alighted was about three blocks from his destination. There were sixteen passengers on said car at the time appellee was ordered and required to leave, a number of whom were acquainted with him, and he was greatly mortified and humiliated by being ordered and required to leave said car under said circumstances. At the time the weather was cold and rainy. None of appellant's employes touched the person of appellee, and he suffered no physical injuries thereby, but did suffer mental pain and humiliation. The conductor of the North Side Mishawaka car had inadvertently punched the transfer ticket to indicate that appellee was entitled to ride upon the 7:15 o'clock Chapin street car, and said ticket did so indicate. This was the result of the mistake of the conductor of the North Side Mishawaka car in punching said ticket. Appellee was unaware of said mistake, and had no knowledge thereof until his attention was directed thereto by the conductor of the Chapin street car.

The allegations of the complaint and the special findings of fact show that the action and the recovery were based upon the unlawful ejection of appellee from one of appellant's passenger-cars.

In the case of the *Indianapolis St. R. Co.* v. *Wilson* (1903), 161 Ind. 153, 170, the court said: "What the court held was, that the ticket furnished to appellee by appellant, as shown, could not be regarded as conclusive evidence between the parties; that, under the circumstances, it was open to the explanations made by appellee at the time he presented it for passage to the conductor in charge of the Virginia avenue car in regard to the mistake or fault of appellant's agent in punching the ticket; that appellee's expulsion from the car over his explanations or statements in relation to the ticket was at the peril of appellant,

in the event of its being unable to show that the same so made by him were false or untrue. Or, in other words, under the circumstances in the case, the burden was upon it to prove the falsity of these explanations.''

When a right of action has accrued, mental suffering and humiliation are proper to be considered in determining the amount of compensatory damages to which the party

2. affected by the unlawful act is entitled, regardless of whether actual physical injury has been done. *Stewart* v. *Maddox* (1878), 63 Ind. 51; *Lake Erie, etc., R. Co.* v. *Fix* (1882), 88 Ind. 381; *Chicago, etc., R. Co.* v. *Holdridge* (1889), 118 Ind. 281; *Pennsylvania Co.* v. *Bray* (1890), 125 Ind. 229; *Smith* v. *Holcomb* (1868), 99 Mass. 552; *Hamilton* v. *Third Ave. R. Co.* (1873), 53 N. Y. 25; *Sprenger* v. *Tacoma Traction Co.* (1896), 15 Wash. 660, 47 Pac. 17, 43 L. R. A. 706; *Eddy* v. *Syracuse, etc., R. Co.* (1900), 63 N. Y. Supp. 645; *Ray* v. *Cortland, etc., Traction Co.* (1897), 19 Hun, App. Div., 530, 46 N. Y. Supp. 521; 3 Sutherland, Damages (3d ed.), §943; 3 Thompson, Negligence (2d ed.), §3288. Difficulty in estimating the amount of damages arising from mental suffering and humiliation cannot defeat the right to have the same considered in fixing the sum which may be recovered for the wrongful act. *Ballou* v. *Farnum* (1865), 11 Allen (Mass.) 73; *Young* v. *Western Union Tel. Co.* (1890), 107 N. C. 370, 11 S. E. 1044, 9 L. R. A. 669, 22 Am. St. 883; *Lucas* v. *Flinn* (1872), 35 Iowa 9.

Appellant's contention with reference to punitive damages may be conceded, but it is not pertinent to this case.

There is nothing to indicate that the damages awarded

3. were anything other than the trial court's just estimate of the sum which would reasonably compensate appellee for the indignity and humiliation suffered as a result of the unlawful act of appellant's agent.

The rule that damages are not allowed for mental suffering resulting from an act of negligence does not apply where

4. an actionable wrong has been committed, and the mental suffering was only one of the elements to be considered in determining the amount of compensatory damages.

Appellee had complied with all the requirements necessary to entitle him to be carried to his destination. The failure of the transfer ticket to show that he was so entitled 5. was the result of the failure of appellant's agent, the conductor on the first car upon which appellee took passage, to punch the correct time upon such ticket. This was a duty devolving upon the company to be executed by its agent, the conductor. Appellee had no part whatever in the performance of such duty, nor was he presumed to have. This duty rested exclusively upon appellant by virtue of the contract entered into by it with the city of South Bend.

The conductor on the car to which appellee transferred, also an agent of appellant, was empowered and authorized by appellant, under such circumstances, to eject appellee. The fact that appellee alighted without compelling said agent to resort to force, thereby preventing an increase of damages for which appellant might have become liable if force had been resorted to, will not defeat the right to recover for such damages as were sustained by reason of the unlawful expulsion.

The case of the *Indianapolis St. R. Co.* v. *Wilson, supra,* decided that the agent was bound to accept the explanation of the passenger or eject him at the company's peril. It is clear that the facts alleged by appellee constituted a cause of action against appellant and there was no error in the conclusion of law stated by the trial court.

Judgment affirmed.