## UNION TRACTION COMPANY OF INDIANA *v.* SMITH.

### [No. 9,706.    Filed April 18, 1919.]

1. CARRIERS.—*Carriage of Passengers.—Ejectment of Passenger.—Liability.*—Where a passenger, after paying fare entitling him to transportation, is required by the carrier to change cars, and through the mistake or negligence of the carrier's agent is given a defective ticket as evidence of his right to continue his journey on the car designated by the carrier, and the conductor, disregarding the passenger's explanation, ejects him, the carrier is liable.    p. 44.

2. CARRIERS.—*Carriage of Passengers.—Change of Cars.—Defective Ticket.—Rights of Passenger.*—Where a passenger, after purchasing a through ticket, was required to change cars at a way station, and was told by the conductor, who had taken up her ticket, to take passage on a certain car, she was rightfully upon such car and entitled to continue her journey, though the conductor had given her a defective ticket.    p. 44.

3. CARRIERS.—*Carriage of Passengers.—Rules of Company.—Right to Establish.—Duty of Passenger.*—In the absence of a statutory provision, a carrier may make reasonable rules and regulations respecting the time, places and circumstances under which certain trains will stop, etc., and it is the duty of a person taking passage on such trains to inform himself as to such rules and regulations, and, if he makes a mistake not induced by the carrier, he has no recourse.    p. 46.

4. CARRIERS.—*Carriage of Passengers.—Rules and Regulations.—Duty of Carrier.*—A carrier must provide reasonable means by which passengers may acquaint themselves with its rules.    p. 46.

5. CARRIERS.—*Carriage of Passengers.—Threatened Ejectment of Passenger.—Action.—Jury Questions.—Passenger's Violation of Rules.*—In a passenger's action against an interurban railroad company to recover damages for threatened ejectment from a car, where there was evidence to show that she was riding on a through ticket containing a condition "no stop-overs allowed," that at a way station she was ordered by defendant's conductor to change cars, but was not informed of, or directed to, a particular car in waiting to take passengers discharged from the car on which she had arrived, and that she remained in the waiting room an hour before taking the next car to her destination, the question whether she had voluntarily and without fault

Union Traction Co. *v.* Smith—70 Ind. App. 40.

of the carrier taken the later car, in violation of the stop-over provisions of the ticket, was for the jury. p. 46.

6. CARRIERS.—*Carriage of Passengers.—Ejectment of Passenger.— Damages.—Mental Distress.—*In a passenger's action against an interurban railroad company for threatening to eject her from a car unless she paid a cash fare, the conductor having declined to accept a defective ticket, it was proper to consider humiliation and mental distress in determining the amount of compensatory damages to which plaintiff was entitled, regardless of physical injury. p. 47.

7. APPEAL.—*Review.—Instructions.—Applicability to Evidence.—*In a passenger's action against an interurban railroad for threatened ejectment unless she paid a cash fare, the conductor having declined to accept a defective ticket, an instruction that, if the passenger had done what was necessary under the carrier's rules to entitle her to transportation, the carrier was liable for her threatened expulsion, by reason of the conductor's mistake or want of judgment, although he, under the circumstances, acted in good faith, was not objectionable as being inapplicable to the evidence, even though it showed that plaintiff had not complied with defendant's rules in boarding the car from which ejectment was threatened, where there was evidence to warrant a finding that such failure to comply with the company's rules was induced by defendant's negligence. p. 47.

8. APPEAL.—*Waiver of Error.—Briefs.—*Error, if any, in the giving of an instruction on the measure of damages is waived by the appellant's failure to present the question of excessive damages in its brief. p. 48.

9. APPEAL.—*Review.—Harmless Error.—Instructions.—*The giving of an instruction on the measure of damages which does not limit the jury to a consideration of the evidence applicable to the injuries sustained by plaintiff was harmless, where there was no evidence introduced which could furnish an incorrect basis for the assessment of damages. p. 48.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by Pearl Smith against the Union Traction Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. A. VanOsdol* and *Kittinger & Diven,* for appellant.

*James M. Leathers,* for appellee.

Remy, J.—This is an action by appellee against appellant for damages. To the complaint appellant demurred for want of sufficient facts, which demurrer was overruled, whereupon appellant filed an answer in denial. The cause was tried by a jury, resulting in a verdict and judgment for appellee in the sum of $300. The errors assigned are: (1) The overruling of appellant's demurrer to the complaint; and (2) the overruling of the motion for a new trial.

It is charged in the complaint, in substance, that the appellant operated a traction line between the cities of Logansport and Indianapolis, and that appellee, desirous of being transported from the former to the latter city, boarded one of appellant's cars at Logansport, having previously purchased from the appellant a through ticket, paying therefor the sum of $1.55, by reason of which she "was entitled to passage" upon appellant's car "from Logansport to Indianapolis," which ticket was taken up by appellant's conductor soon after appellee boarded the car, and in lieu thereof appellee was given a small plain ticket or hat check; that while enroute, and just before arriving at the city of Kokomo, appellant's said conductor announced to appellee, and to all on the car who were passengers for Indianapolis, that they would have to change cars at Kokomo, "that it was then and there necessary to leave said car and take another car" at said station of Kokomo in which to continue the journey; "that in pursuance to said request and demand" appellee "left said car and took passage on another car of defendant company at said station * * * for the purpose of being carried and transported thereby to her destination;"

that in giving appellee the plain ticket or check, the conductor in charge of appellant's car from which she alighted at Kokomo wrongfully and negligently failed to provide her with a proper ticket, or with proper evidence of her right to be transported to the city of Indianapolis upon the car upon which she took passage pursuant to his "request and demand;" and that the car upon which appellee took passage at Kokomo had not proceeded far until appellant's conductor in charge thereof, and while taking fares, refused to accept from appellee the plain ticket or check as evidence of her right to be transported upon said car, although she fully explained to him that she had bought and paid for a ticket authorizing her to be carried from the city of Logansport to the city of Indianapolis, which ticket had been taken up by the conductor on the other car, which conductor had given her the plain ticket, and that she was presenting the same in accordance with directions given her by the former conductor; that said conductor not only refused to accept her explanation, but in the presence of other passengers wrongfully and in an offensive manner told her "that she would not get by or beat her way through on any such talk as that," and that she must pay a cash fare of $1.10 covering her transportation from Kokomo to Indianapolis, or he would stop the car, and eject her immediately; that upon her refusal to pay the additional fare, the conductor did stop the car for the purpose of ejecting her, whereupon the appellee paid the extra fare to save herself the embarrassment of being ejected; and that by reason of said conductor's negligent and wrongful conduct, and by reason of all the facts alleged, she suffered great shame, humiliation and distress, to her

damage in the sum of $1,000, for which sum judgment is demanded.

If, after a passenger has paid his fare entitling him to be carried from one point to another on the carrier's line, it becomes necessary for such passenger, under the rules and regulations of the carrier, to change cars, and such passenger, through the mistake or negligence of the carrier's agent on the first car, is given a ticket which is insufficient evidence of his right to continue his journey on the car designated by the carrier, and the conductor on the second car fails to heed the passenger's statement or explanation, and ejects him, the carrier will be liable. *Indianapolis St. R. Co.* v. *Wilson* (1903), 161 Ind. 153, 66 N. E. 950, 67 N. E. 993; *Indiana R. Co.* v. *Orr* (1908), 41 Ind. App. 426, 84 N. E. 32.

The only objection to the complaint presented by appellant in its brief, which was specified in its memorandum filed with the demurrer, is that the complaint does not aver facts showing that appellee was rightfully upon the car which she boarded at Kokomo; and that the ticket she had purchased entitled her to ride upon that car. It will be seen that it is specifically alleged in the complaint that appellee purchased from appellant, and delivered to the conductor on the car she boarded at Logansport, "a ticket which entitled her to be transported" over appellant's traction line "from the city of Logansport to the city of Indianapolis," and that upon the arrival of the car at Kokomo station appellant's conductor called upon appellee and all passengers for Indianapolis to change cars, and "that pursuant to said demand and request" appellee "took passage on another car" of appellant at said point. If, as alleged,

appellee boarded the car on which she took passage at Kokomo "pursuant to the request and demand" of appellant's conductor, who had taken up her through ticket, and who had given her the plain check, then she was rightfully upon, and entitled to passage upon, that car. There was no error in overruling the demurrer to the complaint.

It is contended with much earnestness that the verdict of the jury is not sustained by the evidence. The evidence shows that the ticket purchased by the appellee contained the condition "no stop-overs allowed," and that such form of ticket had been filed with, and approved by, the Public Service Commission of Indiana, and that it was the rule of appellant company that no stop-overs would be allowed on local tickets; that it became necessary to change cars at Kokomo, and that when the car on which the appellee took passage at Logansport arrived at the Kokomo station there was waiting at such station a car of appellant's known as the Winona Flyer, on which passengers to Indianapolis, other than appellee, took passage, and that from Kokomo to Indianapolis the Winona Flyer was in charge of the same crew that brought from Logansport the car on which appellee had been a passenger; that appellee did not see the Winona Flyer, and did not know it was there, and that it was not pointed out to her by appellant's servants or anyone else, and that she was not directed to board any particular car, but, upon leaving the car on which she had come from Logansport, she entered the waiting station of appellant, where she remained about an hour, and took the next car for Indianapolis. The remainder of the material evidence shows the facts to be substantially as averred in the complaint.

It is contended by appellant that under its rules appellee was entitled to no stop-over at Kokomo, and that she was required to take the Winona Flyer at that station, and that the evidence shows that in taking the car she did she violated this rule and regulation, and was without right upon the car from which ejectment was threatened. It is the law that, in the absence of a statutory provision, a carrier may·make reasonable rules and regulations respecting the time when, the places where, and the circumstances under which, certain cars or trains will stop, etc., and it is the duty of a person taking passage via such cars and trains to inform himself as to such rules and regulations, and if he make a mistake not induced by the carrier, he has no recourse. *Evansville, etc., R. Co.* v. *Wilson* (1898), 20 Ind. App. 5, 50 N. E. 90. It is also the law that the carrier must provide reasonable means by which passengers may acquaint themselves of its rules; and it has been held that, if such rules are intended for the entire public, notice thereof must be such as to leave no doubt that it reaches all who are to be affected by it. *Railroad* v. *Turner* (1898), 100 Tenn. 213, 47 S. W. 223, 43 L. R. A. 140.

It was not in evidence that appellant company had given notice to the public, or had promulgated a rule, that the car of appellant known as the Winona Flyer would be waiting at Kokomo, and that all passengers from Logansport to Indianapolis, leaving the former city, as did appellee, would be expected to transfer to said car. In fact, the evidence showed no rule of the company, except that no stop-over would be allowed on a local ticket. Under the facts in this case as shown by the evidence, it was

proper to submit to the jury the question as to whether or not appellee had voluntarily, and without fault of appellant, taken the later car, in violation of the company's rule, and in violation of the stop-over provisions of the ticket.

It is further claimed by appellant, that there is no evidence showing that appellee suffered any physical injury, and that shame, humiliation and mental distress, disconnected from physical injury, cannot be made the basis of any recovery. The complaint seeks to recover only compensatory damages, and the case was tried upon that theory. It is the settled law of this state that where a right of action had accrued in a cause of this character, humiliation and mental distress are properly considered in determining the amount of compensatory damages to which the plaintiff is entitled, regardless of physical injury. *Indiana R. Co.* v. *Orr, supra,* and cases cited. The verdict is sustained by the evidence.

Among the eight instructions given by the court which are complained of, No. 6, given at the appellee's request, is pointed out as especially objectionable. It is as follows: "I instruct you that if the passenger has done what is necessary under the rules of the carrier to entitle him to transportation, the carrier will be liable for his expulsion or threatened expulsion, by reason of the mistake, or want of judgment on the part of the conductor, although the conductor, under the circumstances, acts in good faith."

It is urged that this instruction is not applicable to the evidence in this, that there is no evidence that appellee had complied with the rules in boarding the car from which ejectment was threatened; it being

appellant's position that, under the rule of the company against stop-overs, appellee was required to board the car in waiting upon her arrival at Kokomo. The evidence did not show any rule of appellant which required appellee to take the particular car known as the Winona Flyer. The evidence showed that appellee had no notice as to this car, and no notice that close connection would be made with any car. If appellee's failure to take the Winona Flyer could be considered a violation against a stop-over, then there is evidence from which the jury might have found that appellee's failure to comply with the rule was induced by the negligence of appellant.

Objection is made to instruction No. 5, given on the court's own motion. This is an instruction on the measure of damages. The objection is that it does not limit the jury to a consideration of the evidence applicable to the injuries complained of by appellee. The error, if any, in the giving of this instruction is waived by appellant's failure in its brief to present the question of excessive damages. However, if it could be said that appellant had presented the question as to excessive damages, the giving of the instruction could not have harmed appellant, since the record does not show that any evidence was introduced which could furnish an incorrect basis for the assessment of damages. *Inland Steel Co.* v. *Gillespie* (1914), 181 Ind. 633, 104 N. E. 76. We have examined the other instructions of which complaint is made. Some of them are incomplete, but, when taken in connection with all the instructions given, they fairly present the law of the case.

We find no reversible error. Judgment affirmed.