SLIFER v. WILLIARD.

[No. 10,852. Filed May 18, 1921. Rehearing denied October 11, 1921. Transfer denied March 28, 1922.]

1. APPEAL. — Questions Presented. — Overruling Demurrer to Complaint.—Filing Amended Complaint.—No question is presented on appeal as to the overruling of defendant's demurrer to the complaint, where an amended complaint was filed, thereby taking the original complaint out of the record. p. 90.

2. APPEAL.—Waiver of Error.—Sufficiency of Complaint.—All objections to the sufficiency of a complaint except those set out in the memorandum accompanying the demurrer thereto are waived. p. 90.

3. APPEAL.— Review.— Ruling on Demurrer to Complaint.— Scope of Review.—In determining whether objections to the sufficiency of a complaint set out in the memorandum accompanying the demurrer thereto are well taken, the court on appeal must confine its consideration to the complaint above, as other parts of the record can neither weaken or strengthen it. p. 90.

4. APPEAL.—Presenting Questions for Review.—Instructions.— Briefs.—While it is not absolutely necessary that an instruction to which objection is made should be set out verbatim in appellant's brief in order to have it considered on appeal, it is the better and safer practice to do so. p. 91.

5. TRIAL. — Instructions. — Recovery under Insufficient Complaint.—It is error to instruct that plaintiff may recover if he has proven the allegations of his complaint, where the complaint fails to state a cause of action. p. 91.

Slifer v. Williard—78 Ind. App. 88.

6. APPEAL.—Review.—Harmless Error.—Instructions.—Measure of Damages.—Error, if any, in an instruction relating to the measure of damages is not cause for reversal, where appellant fails to present any question in his brief with reference to the amount of damages assessed. p. 92.

7. APPEAL.—Questions Presented.—Rulings on Evidence.—Objections.—Briefs.—No question is presented for review on appeal as to the rulings of the trial court in admitting certain evidence, where appellant's brief fails to disclose what, if any, objections were made at the time the evidence was offered. p. 92.

8. LIBEL AND SLANDER.— Witnesses.— Irrelevant Evidence.— In an action for slander, it was not error for the trial court to exclude direct examination of defendant with reference to a conversation between himself and a certain witness for plaintiff, in which it is claimed such witness offered defendant money to testify for him in his divorce proceeding, such evidence being wholly irrelevant to any issue of the case on trial, and no proper foundation having been laid for its admission in impeachment. p. 92.

9. APPEAL.— Review.— Waiver of Error.— Assigned errors to which appellant fails to direct any proposition or point are deemed waived. p. 92.

10. APPEAL.— Briefs.— Omissions.— Amendment.— To cure an omission in a brief, obtaining leave of court to amend is not sufficient, but the amendment must actually be made in conformity to the leave granted. p. 93.

From Allen Superior Court; William N. Ballou, Judge.

Action by Inez Williard against John Slifer. From a judgment for plaintiff, the defendant appeals. Affirmed.

Harry H. Hilgemann, for appellant.

Mountz & Brinkerhoff, James E. Pomeroy and John Aiken, for appellee.

BATMAN, J.—Appellee instituted this action against appellant by filing a complaint in one paragraph to recover damages for an alleged slander. Subsequently an amended complaint in two paragraphs was filed. Demurrers to the original complaint, and to each para-

graph of the amended complaint were overruled. An answer in general denial closed the issues. The cause was submitted to a jury for trial resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial which was overruled, and is now prosecuting this appeal on an assignment of errors which requires a consideration of the questions hereinafter determined.

Appellant asserts that the court erred in overruling his demurrer to the original complaint, but as that complaint was taken out of the record by the filing of the amended complaint, no question as to the correctness of such ruling is before us. *Holland* v. *Hummell* (1909), 43 Ind. App. 358, 87 N. E. 662. He also asserts that the court erred in overruling his demurrer for want of facts to the second paragraph of the amended complaint. The only reason assigned in support of such demurrer in the memorandum accompanying the same is, that it appears on the face of said paragraph that the cause of action stated therein accrued more than two years prior to the filing of the amended complaint and the commencement of said action. All other objections thereto are therefore waived. *State, ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 95 N. E. 417, Ann. Cas. 1914B 91. In determining whether this objection is well taken, we must confine our consideration to the paragraph in question, as other parts of the record can neither weaken nor strengthen it. *National Lumber Co.* v. *Hobbs* (1920), 74 Ind. App. 476, 129 N. E. 255. When said paragraph is so considered it does not disclose the fact upon which appellant relies. We therefore conclude that his contention with reference to the second paragraph of the amended complaint is not well taken.

Appellant contends that the court erred in overruling his motion for a new trial. Appellee attempts to

meet this contention by asserting that appellant's
4. brief is not sufficient to present any question in
that regard. While appellee's criticisms are not
without merit, still we are of the opinion that there is
not such a failure to comply with the rules, except in
a single instance hereinafter mentioned, as to require
us to refuse to consider the questions which appellant
has attempted to present. Appellant contends that the
court erred in giving instructions numbered 4, 5 and 7.
Instructions Nos. 4 and 7 are not set out in appellant's
brief, but an attempt was made to state their substance.
While it is not absolutely necessary that an instruction
to which objection is made should be set out *verbatim*,
in order to have it considered on appeal, it is the bet-
ter and safer practice to do so. *United Coal Mining
Co.* v. *Daugherty* (1911), 51 Ind. App. 165, 96 N. E. 477.
However since a substantial statement of the substance
of such an instruction will suffice, we will resolve any
doubt in that regard in appellant's favor and consider
the merits of his contention with reference to said in-
structions. The objection urged against each of said
instructions is that the court thereby informed
5. the jury that appellee could recover if she proved
the allegations of either paragraph of her com-
plaint, and as neither paragraph thereof stated a cause
of action it was error to so instruct the jury. We do
not question appellant's contention that where a com-
plaint does not state a cause of action it is error to in-
struct a jury that plaintiff may recover, if he has proved
the allegations of such complaint. *Prudential Ins. Co.*
v. *Ritchey* (1918), 188 Ind. 157, 119 N. E. 369, 484.
However, appellant has failed to point out, and our ex-
amination has failed to disclose, wherein either para-
graph of the complaint on which the cause was tried is
insufficient. There was no error in giving either of said
instructions.

Instruction No. 5 relates to the measure of appellee's damages, in the event the jury found in her favor. Since appellant has failed to present any question in his brief with reference to the amount of damages assessed, the error in giving said instruction, if any, is not cause for reversal. *City of Terre Haute* v. *Lauda* (1915), 58 Ind. App. 480, 108 N. E. 392; *Sovereign Camp, etc.,* v. *Latham* (1915), 59 Ind. App. 290, 107 N. E. 749; *Cleveland, etc., R. Co.* v. *Lutz, Admr.* (1917), 64 Ind. App. 663, 116 N. E. 429; *Union Traction Co.* v. *Smith,* 70 Ind. App. 40, 123 N. E. 4.

Appellant claims that the court erred in admitting and refusing to admit certain evidence. No question, however, is presented with reference to the evidence which it is claimed was erroneously admitted, as appellant's brief fails to disclose what, if any, objections were stated to the trial court, with reference to the admission of such evidence at the time it was offered. *Shafer* v. *Ferguson* (1885), 103 Ind. 90, 2 N. E. 302; *Kaiger* v. *Brandenburg* (1892), 4 Ind. App. 497, 31 N. E. 211. The evidence refused related to a question asked appellant on direct examination, with reference to a conversation between himself and a certain witness, who testified on behalf of appellee, in which it is claimed such witness offered appellant money to testify for him in his divorce proceedings. This evidence was properly refused, as it pertained to matter wholly irrelevant to any issue involved in the cause on trial, and did not constitute matter in impeachment, as no proper foundation had been laid. for its admission as such. There was no reversible error in overruling appellant's motion for a new trial. Certain errors assigned are not considered, as appellant has failed to direct any proposition or point to the same, and they are therefore deemed waived. Judgment affirmed.

ON PETITION FOR REHEARING.

BATMAN, J.—Appellant asserts in his petition for a rehearing that the court erred in holding that he had failed to disclose in his original brief what objections, if any, were stated to the trial court with reference to the admission of certain evidence at the time it was offered. In support of this contention appellant makes the following statement in his brief accompanying his petition for a rehearing: "We asked and were granted leave of court to amend our brief so as to state the ground of objection made to this testimony at the time of trial, and in our amended brief the following matter was by leave of this court inserted in our original brief on page 18, supplementing the epitome of the testimony of the appellee, Inez Williard." It suffices to say in this regard that a careful examination fails to disclose the filing of any amended brief by appellant, or that he made any amendment to his original brief on page 18 thereof or elsewhere. Our examination discloses that appellant, on Feb. 18, 1921, was granted leave to amend his original brief, by inserting at the bottom of page 18 thereof, following the epitome of the direct examination of appellee, the objections made by appellant to her testimony therein set out, but that no such amendment to said brief was ever made, although the court's opinion in this cause was not filed until May 18, 1921. In order to cure an omission in a brief, it is not sufficient to obtain leave of court to amend, but the amendment must be actually made in conformity to the leave granted. Other alleged errors in the opinion of the court are presented, but they do not impress us as being sufficiently meritorious as to require further discussion here. The petition for a rehearing is denied.