[No. 2334. Decided November 30, 1896.]

FRANK SPRENGER, *Respondent*, v. THE TACOMA TRAC-
TION COMPANY, *Appellant*.

CARRIERS — WRONGFUL EJECTION OF PASSENGER — EVIDENCE.

In an action to recover for wrongful ejection from a street car for
alleged non-payment of fare, it is not error to refuse the admission
of evidence on the part of defendant showing that plaintiff had
been put off a railroad train for non-payment of fare, for the pur-
pose of showing that he was in the habit of avoiding payment of car
fare.

Where a witness has testified positively to a fact it is not com-
petent for the party introducing him to elicit from the witness a
statement as to the reasons which led him to come to the conclu-
sions to which he has testified.

The fact that a passenger ejected from a car for alleged non-pay-
ment of fare could have prevented his ejection by surrendering to
the conductor another ticket which he had in his possession,
would not reduce the damages growing out of the wrongful act of
the conductor to the sum represented by the value of the ticket,
when the evidence shows that, with the delay of a few minutes, the
conductor could have made an investigation which would have
definitely determined whether or not the plaintiff had paid his fare.

Appeal from Superior Court, Pierce County.— Hon.
W. H. PRITCHARD, Judge.    Affirmed.

*Doolittle & Fogg*, for appellant:

If an issue of fact be raised, whether a party has
been guilty of an illegal and wrongful act, implying
moral turpitude on the part of the accused, it is per-
missible to give in evidence such former act, on his
part, as will show, or tend to show, his capacity, abil-
ity or aptitude to do the thing complained of; that he
has a dishonest disposition, or that his habit of recti-
tude and his moral sense are not sufficiently strong to
preclude his doing a wrongful and immoral act of like

kind and character with that with which he is charged. And this is true, although there is no pretense or claim that proof of such an act, standing alone, goes directly to prove the commission of the ultimate fact of which he stands accused. *Commonwealth v. Merriam*, 14 Pick. 518 (25 Am. Dec. 420); *Commonwealth v. Lahey*, 14 Gray, 91; *Commonwealth v. Pierce*, 11 Gray, 447; *Thayer v. Thayer*, 101 Mass. 111 (100 Am. Dec. 110); *People v. O'Sullivan,* 104 N. Y. 484 (58 Am. Rep. 530); *People v. Dimick*, 107 N. Y. 32; *Brown v. State*, 26 Ohio St. 182; *State v. Ward*, 61 Vt. 185; *State v. Knapp*, 45 N. H. 148; *Copperman v. People*, 56 N. Y. 591; *Wood v. United States*, 16 Pet. 342; *Faucett v. Nichols*, 64 N. Y. 383; *Friend v. Hamill*, 34 Md. 298; *Commonwealth v. Robinson*, 146 Mass. 571; *Commonwealth v. Hill*, 145 Mass. 310; *State v. Lee*, 60 N. W. 119; *Parkinson v. Nashua, etc., R. R. Co.*, 61 N. H. 416; *Plummer v. Ossipee*, 59 N. H. 55; *Baulec v. New York, etc., R. R. Co.*, 59 N. Y. 356 (17 Am. Rep. 325); *Texas Mexican Ry. Co. v. Douglas*, 73 Tex. 325; *Bower v. Chicago, etc., Ry. Co.*, 61 Wis. 457; *Lee v. Lee*, 3 Wash. 236.

It was permissible to show by the witness Hargis, what was his usual course of business in taking up fares, his purpose and motive in so doing as he did, and what led him to stop at the third woman on the right hand seat, in taking up fares, before crossing over to take up those on the left. The intent or motive with which a thing is done, or omitted to be done, may be shown, when material, by the testimony of the party who did it, even though the plaintiff had no means of determining whether in that regard he testified truly or not. *Flower v. Brumbach*, 30 Ill. App. 296; *Stearns v. Gosselin*, 58 Vt. 38; *Jefferds v. Alvard*, 151 Mass. 95; *Elmer v. Fessenden*, 151 Mass.

361; *Miner v. Phillips*, 42 Ill. 123; *Hulett v. Hulett*, 37 Vt. 581; *Fisk v. Chester*, 8 Gray, 506; *Thacher v. Phinney*, 7 Allen, 146; *Wheelden v. Wilson*, 44 Me. 11; *Commercial Bank v. Fireman's Ins. Co.*, 58 N. W. 391; *Harrison v. State*, 25 S. W. 284; *Danforth v. Carter*, 4 Iowa, 230; *Sweet v. Tuttle*, 14 N. Y. 465; *Yerkes v. Salomon*, 11 Hun, 471; *Cortland County v. Herkimer County*, 44 N. Y. 22; *Fiedler v. Darrin*, 50 N. Y. 437; *McKown v. Hunter*, 30 N. Y. 625; *Starin v. Kelly*, 88 N. Y. 418.

One damnified by reason of the accident, mistake or tort of another is bound, no less in law than in morals, to make the scope of the injury as narrow, and the extent of the damage as small as he conveniently, readily and reasonably can, and the court's refusal to so instruct the jury, and his own voluntary instruction to the contrary, was wanting in authority of law. 5 South. Law. Rev. 831; *Hordern v. Dalton*, 1 Car. & P. 181; 2 Starkie, Evidence, p. 741; *Cincinnati, etc., R. R. Co. v. Rodgers*, 24 Ind. 103; *Mather v. Butler County*, 28 Iowa, 253; *Wicker v. Hoppock*, 6 Wall. 94; *Warren v. Stoddart*, 105 U. S. 224; *Bagley v. Rolling Mill Co.*, 22 Blatchf. 342; The Oregon, 5 C. C. A. 229; *Heavilon v. Kramer*, 31 Ind. 241; *State v. Powell*, 44 Mo. 439; *Miller v. Roy*, 10 La. An. 231; *Dufort v. Abadie*, 23 La. An. 280; *Miller v. Mariner's Church*, 7 Greenl. 51 (20 Am. Dec. 341); *Davis v. Fish*, 1 Iowa (Greene), 407 (48 Am. Dec. 387); *Loker v. Damon*, 17 Pick. 284; *Milton v. Hudson River Steamboat Co.*, 37 N. Y. 210; *Louisville, etc., R. R. Co. v. Breckinridge*, 34 S. W. 702.

While the negligence of the injured person, contributing proximately to his injury, will bar the recovery of damages, it is held that, when he was guilty of no negligence contributing to the wrong com-

plained of, and yet there were negligent, wilful or intentional acts, or omission to act, upon his part after the wrongful act, by which it was aggravated, increased or enlarged, they will not prevent him from recovering damages for so much of the injury as the original wrongdoer caused by his negligence. Shearm. & R., Negligence, § 32 and note; Beach, Contributory Negligence, 64; *Stebbins v. Central Vt. R. R. Co.*, 54 Vt. 464 (41 Am. Rep. 855); *Greenland v. Chaplin*, 5 Exch. 243; *Thomas v. Kenyon*, 1 Daly, 132; *Sills v. Brown*, 9 Car. & P. 601; *Secord v. St. Paul, etc., Ry. Co.*, 18 Fed. 221; *Louisville, etc., Ry. Co. v. Falvey*, 104 Ind. 409. In such cases the damages may be apportioned, and a deduction made by the jury for that portion of the injury due to plaintiff's fault or omission. *Gould v. McKenna*, 86 Pa. St. 297 (27 Am. Rep. 705); *Nitro Phosphate Co. v. Docks Co.*, L. R. 9 Ch. Div. 503; *Hunt v. Lowell Gas Co.*, 1 Allen, 343; *Sherman v. Fall River Iron Co.*, 2 Allen, 524 (79 Am. Dec. 799); *Matthews v. Warner*, 29 Grat. 570 (26 Am. Rep. 396); *Hibbard v. Thompson*, 109 Mass. 286; *Fay v. Parker*, 53 N. H. 342 (16 Am. Rep. 270); and, in this view, the court should award respondent just what he could have retained his seat for to the end of his trip. *Sandwich v. Dolan*, 34 Ill. App. 205; *Ford v. Illinois, etc., Co.*, 40 Ill. App. 226; *Akridge v. Atlanta, etc., R. R. Co.*, 90 Ga. 232; *Terry v. New York Central R. R. Co.*, 22 Barb. 574; Reynold's Stephen's Evidence, p. 19, art. 11, and cases cited. This rule applies in cases *ex contractu* as well as in cases *ex delictu.* 7 Am. & Eng. Enc. Law, p. 62 and notes.

*Frank D. Nash*, for respondent.

The opinion of the court was delivered by

Hoyt, C. J.—Defendant was operating a street car

line in the city of Tacoma, and plaintiff was a passenger on one of its cars. He was ejected therefrom by the conductor for the alleged non-payment of his fare, and brought this action to recover damages, claiming that he had paid his fare and that he was unlawfully ejected. The trial resulted in a verdict for $100 damages, upon which judgment was duly rendered.

In its brief defendant has discussed the alleged errors of the trial court under numerous heads, but for the purposes of this opinion they can be so grouped as to present but four distinct propositions. Of these, two relate to the rejection of testimony offered on the part of the defendant; the third, to instructions given to the jury and refusals to instruct, and the fourth, to the measure of damages.

Plaintiff having testified that he had paid his fare and that thereafter he had been compelled to leave the car by the action of the conductor and motorman, was asked by defendant's counsel if he had not been put off of the street cars before for refusal to pay fare. This question he answered in the negative. Whereupon he was asked if he had not been put off the Northern Pacific railroad cars for non-payment of fare. Upon objection of the plaintiff, the court refused to allow him to answer, and it is claimed that in so doing it committed error. A large number of cases have been cited to show that it is competent to prove that one has been guilty of a certain offense by proof of the commission of other offenses of the same nature. But in our opinion none of these cases are applicable to the question here presented. The fact that plaintiff had had trouble about the payment of his fare upon a railroad train would bear so remotely upon the question as to his attempting to beat the

street car out of a five cent fare, that it was properly
excluded from the consideration of the jury. The
ruling of the court, which allowed the defendant to
attempt to show that the plaintiff had had trouble
about the payment of fare upon. street cars, was as
favorable to the defendant as it could ask.

The conductor, having testified that he collected
fare on the side of the car upon which the plaintiff
was sitting up to and including that of a woman sit-
ting next to him before he left that side to collect
fares upon the other, and that when he returned to
the side from which he first collected fares he sought
to collect the fare of the plaintiff, was asked by de-
fendant's counsel a question which sought to elicit
from the witness a statement as to the reasons why he
was sure he had left off collecting, upon the side of
the car upon which the plaintiff sat, with the woman
who sat next to him. The objection of plaintiff to
this question was sustained, and it is claimed that in
sustaining it the court committed error. In determin-
ing as to the correctness of this ruling it must be re-
membered that the question was put by defendant to
its own witness, that he had testified positively to the
fact that plaintiff had not paid his fare, and that he
had left off collecting upon that side with the woman
sitting next to plaintiff. This being so it was not
competent for defendant to bolster up the testimony
of its own witness by asking for the reasons which
had led him to come to the conclusions to which he
had testified. It might have been competent for the
plaintiff in cross-examination to have gone into this
question, but until this was done the testimony, when
offered upon the part of the defendant, was properly
excluded.

It will not be necessary to notice in detail the ex-

ceptions to the instructions, for the reason that such exceptions are founded largely upon questions going to the measure of damages, which will be hereinafter considered. It will be sufficient to say that, in view of the measure of damages as to which under the evidence we think the jury should have been instructed, the instructions sufficiently and correctly stated the law of the case.

It appeared from the uncontradicted testimony that the plaintiff had several other tickets one of which he could have used in payment of his fare, and thus have prevented his ejection for not paying; and it is earnestly contended on the part of the defendant that, under the well settled rule that it is the duty of one who has been deprived of a contract right to reduce the damages flowing from the violation of the contract as much as possible, it was the duty of the plaintiff to have used one of the tickets in his possession, by doing which he would have reduced the damages growing out of the wrongful act of the conductor to the sum represented by the value of the ticket. The general rule contended for by the defendant is unquestioned, and it may be conceded that thereunder the defendant would only have been liable in such an amount of damages as was necessarily imposed upon the plaintiff by its wrongful action, if such wrongful action had not been committed by it under circumstances which showed a disregard for the rights of the plaintiff. If no evidence had been introduced tending to show that there had been a want of care and investigation on the part of the conductor before he acted upon the claim that plaintiff had not paid his fare, there might be reason for the application of the rule contended for, though many of the cases hold that such a rule is not applicable to a contract of carriage by a common

carrier with a passenger.     But there was evidence sufficient to go to the jury to show that there had been such a disregard of the rights of the plaintiff as to deprive the defendant of the benefit of this rule, even if it applied to cases of this kind.     The undisputed proof showed that, with the delay of a few minutes, the conductor could have made an investigation which would have definitely determined whether or not the plaintiff had paid his fare.     And in view of the plaintiff's claim that he had paid it, which claim was supported by the statements of at least two of his fellow passengers, good faith required that such investigation should have been made before making the definite charge that plaintiff was attempting to beat his way over the road and enforcing such charge by his expulsion from the car.     In view of the action of the conductor, the plaintiff was placed in such a position that it was not his duty to use another ticket and thus tacitly admit that he had been guilty of trying to beat the company as claimed by the conductor.     This being so, the instructions as to the measure of damages were what they should have been, and the evidence was such that the verdict for $100 was not excessive.

The judgment will be affirmed.

DUNBAR, SCOTT, ANDERS and GORDON, JJ., concur.