## Ex parte FINEGAN.

(District Court, N. D. New York. February 7, 1921.)

1. **Intoxicating liquors ⟐13, 238(3)—Court cannot say 2.75 per cent. liquor is intoxicating, within Eighteenth Amendment.**

The court cannot say as a matter of law that beverages containing not more than 2.75 per cent. alcohol by weight, or less, is intoxicating, and therefore cannot hold that the Walker Act of New York, permitting the sale of such beverages, violates the Eighteenth Amendment to the Constitution.

2. **Statutes ⟐64(9)—Prosecution under state liquor law invalid only if entirely conflicting with federal law.**

Even though an act of Congress under the authority of the Eighteenth Amendment is paramount to state legislation, it does not invalidate a prosecution under a state act, unless the acts are so at variance therewith that nothing remains of the state act.

3. **Statutes ⟐64(9)—Provision of New York law in conflict with federal law held separable, so that prosecution under state law for sale of whisky was proper.**

Even though the provision of the Walker Act of New York, permitting sale of beverages containing 2.75 per cent. of alcohol or less, is in conflict with the Volstead Act, the provisions of that law prohibiting the sale or liquor containing more than such percentage are separable, and sufficient to sustain a prosecution for violation thereof.

Habeas Corpus. Application by Daniel Finegan for a writ to inquire into his detention. Petition dismissed, and relator remanded to custody.

Edwin J. Mizen, of Oswego, N. Y. (Chas. N. Bulger, of Oswego, N. Y., of counsel), for petitioner.

Francis D. Culkin, Dist. Atty., of Oswego, N. Y., for State of New York.

Harry D. Sanders, of Buffalo, N. Y., for State Excise Department, amicus curiæ.

COOPER, District Judge. The petitioner has been indicted by a grand jury in the county of Oswego under two indictments—one alleging that he violated the Liquor Tax Law (Consol. Laws, c. 34) of the state of New York by the sale of liquor, wine, brandy, etc., without having obtained a license therefor; and the other charging him with having violated section 30, subdivision C, of the same state law, as added by Laws 1918, c. 229, by the sale to a soldier in uniform of liquor, wine, brandy, etc.

The decision of the case at bar involves the construction of the validity of the Liquor Tax Law of the state of New York, with its more recent amendments, known generally as the Walker Act (chapter 911, Laws 1920), and arises on the return of a writ of habeas corpus issued by this court to inquire into the detention of the relator. The relator takes the position that the state Liquor Tax Law, as amended by the so-called Walker Act, is unconstitutional, null, and void by reason of conflict with the Eighteenth Amendment to the federal Consti-

⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tution and with the Volstead Act (Act Oct 28, 1919), enacted by Congress for the enforcement of the Eighteenth Amendment.

[1] The state Liquor Tax Law as amended cannot be successfully attacked in this proceeding on the ground of such unconstitutionality. The Eighteenth Amendment to the federal Constitution prohibits the manufacture, sale, etc., of intoxicating liquors, but does not define intoxicating liquors. The Walker Act of New York state prohibits the sale of beverages containing more than 2.75 per cent. of alcohol by weight. The border line between intoxicating and · nonintoxicating beverages being somewhat uncertain, this court cannot say as a matter of law that 2.75 per cent. of alcohol by weight makes the beverage intoxicating, and therefore cannot hold in this proceeding 'that the statute is unconstitutional because of conflict with the Eighteenth Amendment. There is, then, no constitutional question in the case.

The real question is: What is the force, effect, and validity of the state Liquor Tax Law, as amended by the Walker Act, in the light of the act of Congress previously passed to enforce the provisions of the Eighteenth Amendment to the federal Constitution; i. e., the Volstead Act, so called. The second section of the Eighteenth Amendment reads as follows:

"The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

The construction of this section has given the courts much trouble. Section 2 was under consideration by the United States Supreme Court in the case of Rhode Island v. Palmer (decided in June, 1920) 253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946. The judges in that case did not agree as to the correct construction of the term "concurrent· power."

A situation substantially like the case at bar was presented to the highest court in Massachusetts, when it was called upon to pass upon the validity of an indictment under the Massachusetts statute relating to the sale of intoxicating liquors passed prior to the enactment of the Eighteenth Amendment. This was the case of Comm. v. Nickerson (Mass.) 128 N. E. 273. All the judges were agreed that section 2 of the Eighteenth Amendment gave the states some real substantial power to pass legislation in aid of, and for the purpose of giving effect to, the provisions of the Eighteenth Amendment. They were apparently unwilling to say in so many words that, under section 2, federal legislation first enacted should, in case of conflict, prevail over state legislation enacted for the same purpose; but they did say:

"In our opinion the irresistible conclusion from these decisions is that state legislation, which in its practical operation is appropriate to enforce the chief aim of the Eighteenth Amendment and to make it more completely operative in all its amplitude, is not suspended, superseded, set aside, or rendered inapplicable in its denouncements by the Volstead Act 'in so far as not incompatible therewith or in contravention with its provisions."

It is difficult to see, however, that this means other than that the federal act is paramount. It is not necessary at this time for this court to decide whether or not the federal legislation shall prevail over that of the state in case of conflict.

[2] The most favorable view to take of the statute from the standpoint of the relator, who seeks his release on a writ of habeas corpus, is that the federal legislation is paramount, and prevails over that of the state legislation wherever there is conflict. If we assume this position, which is most favorable to the relator, he is not entitled to his discharge, unless the state statute is so completely at variance with the federal statute that nothing remains of the state statute under which the relator may be prosecuted on the indictments found against him.

[3] While it is true that the state legislation of 1920 (the Walker Act), enacted for the ostensible purpose of enforcing the provisions of the Eighteenth Amendment, follows the general form of the Liquor Tax Law of the state existing at the time of the enactment of the Eighteenth Amendment, it differs from the Volstead Act chiefly in making a more liberal definition of intoxicating liquors, and providing a license system for the sale of beverages therein defined as nonintoxicating. The Walker Act defines, as intoxicating, beverages containing more than 2.75 per cent. of alcohol by weight, and as nonintoxicating beverages with alcoholic content of one-half of 1 per cent. to 2.75 per cent. by weight, while the Volstead Act defines as intoxicating beverages containing one-half of 1 per cent. or more, by volume.

It will be seen, then, that beverages containing more than 2.75 per cent. alcohol are intoxicating under both acts. Both acts provide a penalty for the manufacture, sale, transportation, importation, and exportation of intoxicating liquors as so defined. If all the provisions of the Walker Act providing for the issue of licenses for the sale of beverages containing less than 2.75 per cent. alcohol were stricken out as invalid, because of conflict with the Volstead Act, would there not be enough left of the Walker Act to prohibit the sale of beverages containing far in excess of 2.75 per cent. alcohol—in other words, to prohibit the sale of liquors intoxicating under the definitions in both statutes? If so, the relator may be prosecuted under the indictments which charge him with the sale of whisky, wine, brandy, etc.

If the provisions providing for a license and a license fee for the sale of beverages containing alcoholic content ranging from one-half of 1 per cent. by weight to 2.75 per cent. are stricken out, and also the provisions for local option as to the sale of beverages containing not more than 2.75 per cent. by weight, we still have left a statute which prohibits the sale of beverages containing more than 2.75 per cent. alcohol by weight, by provisions which are definite, distinct, and not inextricably interwoven with the provisions thus stricken out. The statute thus abridged includes whisky and all the spirituous liquors and practically all the ordinary malt liquors as they were known prior to the adoption of the Eighteenth Amendment to the federal Constitution. The statute thus abridged provides a penalty for a violation thereof.

It seems, therefore, that there is enough of the statute remaining to prosecute the defendant under both indictments. By a divided court the same view was held concerning the Massachusetts statute, in many respects similar to the Walker Act. See Nickerson v. Comm., supra.

The views herein expressed appear to be in harmony with those expressed by Judge Tuthill in People v. Foley, 113 Misc. Rep. 244, 184 N. Y. Supp. 270, in which he quotes from what is said to be a charge of Chief Judge Gummere of the Supreme Court of New Jersey, as follows:

"With some hesitancy we have come to the conclusion that, although this statute was not passed pursuant to section 2 of the amendment, nevertheless it is effective to-day in New Jersey, and the constitutional amendment only wiped out the condition as to a license, and left the statute a bald declaration that the sale of liquor within the limits of the statute is a criminal offense."

The petition of the relator should be dismissed. The relator should be remanded to the sheriff of Oswego county.