### STATE v. JIM MUSE.

(Filed 25 May, 1921.)

**Intoxicating Liquors—Spirituous Liquors—Statutes—Constitutional Law —Federal Constitution—Federal Statutes.**

> A State statute in furtherance of, and not in conflict with, the Federal Prohibition Law, may be declared a valid exercise of the police power of the State, expressly sanctioned by the Eighteenth Amendment to the Constitution of the United States.

APPEAL by defendant from *McElroy, J.,* at March Term, 1921, of BUNCOMBE.

Criminal indictment charging the defendant with transporting, receiving, keeping on hand for sale and selling spirituous and intoxicating liquors, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State. The evidence of guilt was direct and positive.

"The defendant demurred to the jurisdiction of the court for that the Eighteenth Amendment to the Constitution of the United States repealed all State laws regarding the manufacture, sale and transportation of liquor within the United States." This is the defendant's only exception.

From a verdict of guilty and judgment thereon, defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Geo. S. Reynolds for defendant.*

PER CURIAM. The judgment of the Superior Court must be affirmed on authority of *S. v. Fore,* 180 N. C., 744. A State statute in further-

ance of, and not in conflict with, the Federal prohibition law may be declared a valid exercise of the police power of the State and is sanctioned, in express terms, by the Eighteenth Amendment to the Constitution of the United States.

No error.