[No. 16283.   Department Two.   August 12, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. R. D. STEPHENS, *Appellant*.[1]

INTOXICATING LIQUORS (6) — PROHIBITION — BOOTLEGGING — 18TH AMENDMENT. Prosecution under state laws for bootlegging and conducting illegal liquor joints is lawful as in aid of the enforcement of the 18th amendment to the constitution of the United States and the Volstead act passed pursuant thereto.

APPEAL (277)—OBJECTIONS OR EXCEPTIONS—ARGUMENT OF COUNSEL. Misconduct of the prosecuting attorney in his argument to the jury will not be considered on appeal, where there is no showing that any objection or exception was taken at the time, or request made to have the jury instructed to disregard the alleged improper statement, and the only showing of misconduct in the record appears in the affidavit of defendant in support of his motion for new trial.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered May 20, 1920, upon a trial and conviction of being a bootlegger. Affirmed.

*O. T. Webb* and *Coleman & Fogarty*, for appellant. *Thos. A. Stiger* and *Q. A. Kaune*, for respondent.

TOLMAN, J.—Appellant appeals from a conviction upon a charge of being a bootlegger, and assigns as error the overruling of his motion for a new trial, (a) because of certain statements alleged to have been

[1]Reported in 200 Pac. 310.

made by the deputy prosecuting attorney in his closing argument to the jury; and (b) because, it is contended, the state prohibition law is superseded or suspended by the eighteenth amendment to the constitution of the United States, and the Volstead act passed pursuant thereto.

Upon the ground last stated, this court has already passed, holding adversely to appellant's contention. *State v. Turner,* 115 Wash. 170, 196 Pac. 638.

Upon the first contention, it is sufficient to say that the matters complained of are shown in the record only by affidavit of the appellant in support of his motion for a new trial, made a part of the statement of facts, and it does not appear that any objection was made or exception taken at the time, or that any request was then made to have the jury instructed to disregard what are now said to be improper statements by the prosecutor. Furthermore, it does appear by the same affidavit that the jury was instructed to disregard any statements of counsel not borne out by the testimony, and the prosecutor, by counter affidavit, denies having made the prejudicial remarks attributed to him, and sets forth what he claims was said, amounting to no more than that which frequently occurs in the heat of trial and under provocation from opposing counsel.

The trial judge who presided was of the opinion that the prosecutor made no statements which were prejudicial to the appellant, and, in view of the state of the record, we are not disposed to inquire into the matter. But if we were, we could not find that the trial court erred in so holding.

Judgment affirmed.

PARKER, C. J., HOLCOMB, MAIN, and MITCHELL, JJ., concur.