## PALMER v. STATE OF INDIANA.

[No. 23,771.   Filed December 20, 1921.   Rehearing denied March
17, 1922.]

INTOXICATING LIQUORS.—*Unlawful Possession with Intent to Sell.
—Statute.— Adoption of Prohibition Amendment.— Effect.—*
Section 8356d Burns' Supp. 1918, Acts 1917 p. 15, §4, prohibit-
ing the keeping of intoxicating liquors with intent to sell, was
not repealed or annulled by the adoption of the eighteenth
amendment to the Constitution of the United States.

From Vigo Circuit Court; *Charles W. Pulliam*, Judge.

Prosecution by the State of Indiana against Harry
Palmer.   From a judgment of conviction, the defendant
appeals.   *Affirmed.*

*Ray H. Briggs, Clay A. Phillips, Adamson &
Gallagher* and *Thomas F. O'Mara*, for appellant.

*Ele Stansbury* and *U. S. Lesh*, Attorneys-General,
*Remster A. Bingham, Dale F. Stansbury* and *Mrs. Ed-
ward Franklin White*, for. the state.

EWBANK, C. J.—The third count of the indictment
on which appellant was found guilty, charged that he
unlawfully kept intoxicating liquors with intent to sell,
barter, exchange and give away the same, in violation
of the laws of the State of Indiana.   Appellant moved
to quash this count of the indictment for the alleged
reason among others, that it did not state facts sufficient
to constitute à public offense, which motion was over-
ruled.   He filed a motion for a new trial for certain al-
leged reasons, among which were that the verdict was
not sustained by sufficient evidence and was contrary
to law, but this motion also was overruled.   He then
moved the court to discharge him from custody, which
motion also was overruled.   He then filed several other
motions and written "objections," each of which was
overruled.   He duly reserved an exception to each of

said rulings of the court, and has assigned each of them as error.

The record discloses that the charge on which appellant was convicted was a charge that the intoxicating liquor was kept with the unlawful intent, as stated, on November 17, 1918, but that the said motions were made and overruled and the judgment of conviction was rendered on January 31, 1920, a few days after the Eighteenth Amendment of the Constitution of the United States took effect. *National Prohibition Cases* (1920), 253 U. S. 350, 384, 40 Sup. Ct. 486, 64 L. Ed. 946. And the only question presented for decision by appellant's brief is whether or not the adoption of the said eighteenth amendment operated to repeal or annul the state law forbidding intoxicating liquor to be kept for purposes of sale, barter, exchange and gift. Acts 1917 p. 15, §4.- §8356d Burns' Supp. 1918. See, Acts 1921 p. 736.

The first and second sections of that amendment read as follows: "(1) After one year from the ratification of this article the manufacture, sale or transportation of intoxicating liquors within, the importation thereof into or the exportation thereof from the United States and all territories subject to the jurisdiction thereof for beverage purposes is hereby prohibited. (2) The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

We do not perceive anything in this amendment which can operate to repeal or affect a state statute forbidding traffic in intoxicating liquors and prescribing penalties for its violation. The question has been passed on many times by different courts, and all are unanimously of the same opinion, so far as we have been able to discover. The earlier decisions to that effect reasoned the matter at great length, with copious citations of authorities, and we shall content ourselves with citing

the decisions as far as we can, in the order in which they were made. *Ex parte Ramsey* (1920), (U. S. District S. D. Florida) 265 Fed. 950; *Commonwealth* v. *Nickerson* (1920), 236 Mass. 281, 128 N. E. 273, 10 A. L. R. 1568; *City of Shreveport* v. *Marx* (1920), 148 La. 31, 86 South. 602; *Jones* v. *Hicks* (1920), 150 Ga. 657, 104 S. E. 771, 11 A. L. R. 1315; *State, ex rel.* v. *District Court* (1920), 58 Mont. 684, 194 Pac. 308; *State* v. *Fore* (1920), 180 N. C. 744, 105 S. E. 334; *Harris* v. *Superior Court* (1921), 51 Cal. App. 15, 196 Pac. 895; *United States* v. *Holt* (1921), (U. S. District W. D. N. Dak.) 270 Fed. 639; *Franklin* v. *State* (1921), 88 Tex. Crim. Rep. 342, 227 S. W. 486; *Ulman* v. *State* (1921), (Md.) 113 Atl. 124; *Woods* v. *City of Seattle* (1921), (U. S. District W. D. Washington) 270 Fed. 315; *Allen* v. *Commonwealth* (1921), 129 Va. 723, 105 S. E. 589; *State* v. *Knosky* (1921), 87 W. Va. 558, 106 S. E. 642; *Ex parte Crookshank* (1921), (U. S. District S. D. California) 269 Fed. 980; *Ex parte Finnegan* (1921), (U. S. District N. D. New York) 270 Fed. 665; *Ex parte Gilmore* (1920), 88 Tex. Crim. Rep. 529, 228 S. W. 199; *State* v. *Turner* (1921), 115 Wash. 170, 196 Pac. 638; *State* v. *Hartley* (1921), (S. C.) 106 S. E. 766; *People* v. *Commissioner, etc.* (1921), 115 Misc. Rep. 331, 188 N. Y. Supp. 46; *People* v. *Cook* (1921), 197 App. Div. 155, 188 N. Y. Supp. 291; *State* v. *Ceriani* (1921), 96 Conn. 130, 113 Atl. 316; *Burrows* v. *Moran* (1921), 8 Fla. 662, 89 South. 111; *Wood* v. *Whitaker* (1921), 81 Fla. 653, 89 South. 118; *State* v. *Muse* (1921), 181 N. C. 506, 107 S. E. 320; *Commonwealth* v. *Vigliotti* (1921), 271 Pa. 10, 115 Atl. 20; *Bryson* v. *State* (1921), 27 Ga. App. 230, 108 S. E. 63; *Ex parte Volpi* (1921), (Cal. App.) 199 Pac. 1090; *State* v. *Stephens* (1921), 116 Wash. 558, 200 Pac. 310.

There have been a few decisions to the effect that the state statutes then under consideration, or certain

provisions thereof, and the act of Congress with rela-
tion to the regulation and taxation of licensed dis-
tilleries, were repealed by the eighteenth amendment
and the Volstead Law, for reasons which have no ap-
plication to the case at bar.   We cite those cases only
to say that they are clearly distinguishable from this
one.   *State* v. *Green* (1921), 148 La. 376, 86 South.
919; *Hall* v. *Moran* (1921), 81 Fla. 706, 89 South. 104;
*Johnson* v. *State* (1921), 81 Fla. 783, 89 South. 114;
*United States* v. *Yuginovich* (1921), 256 U. S. 450, 41
Sup. Ct. 551, 65 L. Ed. 1043.   Affirming *United States*
v. *Yuginni* (1920), (D. C.) 266 Fed. 746.

The judgment is affirmed.