[No. 17243. Department Two. November 20, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. D. MICHELI, *Appellant.*[1]

CRIMINAL LAW (447)—APPEAL—HARMLESS ERROR—EVIDENCE. In a prosecution for being a jointist it is not prejudicial error to question detectives or special investigators, testifying for and employed by the state, as to the length of their service and their special training in the observation and remembering of faces, if the matter is not carried too far and collateral issues raised.

SAME (447). In a prosecution for being a jointist, error in permitting the state to show that a detective did not attempt to buy a bottle of whiskey from the accused, is not prejudicial, where, from the answer stating that he did not do so for fear he would be suspected of trying to obtain evidence, it is clearly evident that the accused was not prejudiced thereby.

SAME (358)—NEW TRIAL—CUMULATIVE EVIDENCE. A new trial should not be granted for newly discovered evidence which is purely cumulative.

INTOXICATING LIQUORS (6)—PROHIBITION—JOINTIST — EIGHTEENTH AMENDMENT. The fact that the eighteenth amendment to the constitution of the United States and the Volstead act does not make the evidence of being a jointist a felony does not affect the authority of the state to do so.

HOVEY, J., dissents.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered November 1, 1921, upon a trial and conviction of being a jointist. Affirmed.

*Burkey, O'Brien & Burkey,* for appellant.

*J. W. Selden, Thos. F. Ray,* and *J. A. Sorley,* for respondent.

TOLMAN, J.—This appeal is from a conviction on the charge of being a jointist.

Detectives, or special investigators, were called as witnesses by the state, and by way of introduction were

[1]Reported in 210 Pac. 663.

asked, and over objection permitted to answer, questions touching upon the length of time they had been so employed, by whom, and that they were specially trained to observe and remember faces, and the like. This is assigned as error.

Such testimony, it may be observed in passing, is quite likely to prove a two-edged sword and may cut either way, and yet, if the prosecutor desires to accept the hazard, we see no legal objection. As suggested by the trial court, the jury, within reasonable limits, is entitled to know something of the powers of observation of a witness and his ability to accurately remember and describe what has been observed; but due care should always be exercised not to carry such matters too far or raise collateral issues. We can find nothing improper or prejudicial in the examination here complained of.

One of these detective witnesses testified that he did not buy a bottle of liquor from appellant, and that he did not attempt to do so. He was then asked why he did not so attempt, to which an objection was interposed and overruled, and the witness then answered that he did not attempt to buy a bottle of liquor from the appellant for the reason that he had tried unsuccessfully in other soft drink establishments, and had learned that those asking for bottles were suspected of trying to obtain evidence. If it be conceded that this falls within the rule announced in *Sprenger v. Tacoma Traction Co.*, 15 Wash. 660, 47 Pac. 17, 43 L. R. A. 706, and was error, still we cannot conceive of appellant having been prejudiced thereby. It seems self-evident from the mere statement of the facts that there was nothing in the answer given that in any wise reflected upon the appellant or caused, or could cause, the jury to regard his case with less favor.

It is next contended that appellant's motion for a new trial should have been granted. This contention is based upon certain affidavits filed in support of the motion, setting forth what purports to be newly discovered evidence. An examination of these affidavits convinces us that this newly discovered evidence was cumulative only, and it is a settled rule of law of this state that a new trial will not be granted on the ground of newly discovered evidence when such evidence is wholly cumulative. *State v. Underwood,* 35 Wash. 558, 77 Pac. 863; *State v. Gay,* 82 Wash. 423, 144 Pac. 711; *Shell v. Svennson,* 93 Wash. 40, 159 Pac. 1076.

Finally, it is contended that the legislature had no authority to enact the statute under which appellant is being prosecuted, for the reason that the eighteenth amendment and the Volstead act nowhere make a violation a felony, and that, therefore, the state has no authority to make the act charged a felony. This contention has already been decided, and the state legislation upheld. *State v. Turner,* 115 Wash. 170, 196 Pac. 638; *State v. Stephens,* 116 Wash. 558, 200 Pac. 310.

Finding no prejudicial or reversible error, the judgment is affirmed.

PARKER, C. J., MAIN, and FULLERTON, JJ., concur.

HOVEY, J., dissents.