### STATE v. MOSES HARRISON.

(Filed 20 December, 1922.)

**Intoxicating Liquor—Spirituous Liquor—Constitutional Law—Statutes—Conviction in Federal Courts—State Courts—Concurrent Authority—Distinct Offenses.**

The language of the second paragraph of the XVIII Amendment to the Constitution of the United States delegates to the Federal Government authority over the manufacture, sale, etc., of intoxicating liquor, as being concurrent with the authority reserved in the State upon the subject; and the same act violating an act of Congress and of a state statute is a distinct offense against the two Governments, punishable in the courts of each; and a conviction under the Volstead Act is no bar to a conviction by the state courts for an offense against a state statute on the subject.

CLARK, C. J., concurring.

APPEAL by defendant from *Harding, J.,* at August Term, 1922, of DAVIDSON.

Criminal prosecution, tried upon an indictment charging the defendant with having spirituous liquors in his possession for the purpose of

sale, of receiving more than one quart at any one time, and of receiving more than one quart within fifteen consecutive days, in violation of the State statutes.

From an adverse verdict, and judgment pronounced thereon, the defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.* · ·

*P. V. Critcher for defendant.*

STACY, J. Prior to the defendant's trial in the Superior Court, he was convicted in the Federal Court, under the Volstead Act, upon identically the same state of facts, as here disclosed, and sentenced to pay a fine of $400. Seasonably and in proper manner he set up, as a plea in bar, his former conviction in the Federal Court. His position in this respect is untenable. He has committed two offenses, one against the Government of the United States and the other against the State of North Carolina.

Congress is given power to enforce the XVIII Amendment by appropriate legislation. *Rhode Island v. Palmer,* 253 U. S., 350. Likewise, the several states, in the exercise of their police power, may enact laws in aid of its enforcement. *Vigliotti v. Commonwealth of Pa.,* 66 L. Ed., (volume not yet published) ; *S. v. Muse,* 181 N. C., 506. But a conviction in the Federal Court for a violation of the act of Congress, known as the Volstead Act, is no bar to a prosecution in the State courts for a violation of the State laws, because the same act or acts on the part of the defendant may constitute a violation of the laws of both sovereignties at the same time. *Cooley v. The State,* 110 S. E. (Ga.), 451, and cases there cited; *Lanza et al. v. United States,* ........ U. S. (volume not yet published), decided 11 December, 1922.

"The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation" is the language of the second paragraph of the XVIII Amendment. The words "concurrent power" are not used here in the sense of denoting or designating the source of the states' power to legislate on the subject of prohibition, but as indicating that the power of Congress shall not be exclusive. *Commonwealth v. Nickerson,* 236 Mass., 296. The amendment is a grant of power so far as the Congress is concerned, but not so as to the states. They had the power to legislate on the subject prior to the amendment, and they still have concurrent power with the Congress to enact appropriate legislation for its enforcement. This, it is conceded, apparently gives two meanings to the words "concurrent power," at one and the same time; but, if so, it is the result of applying them at once to two different legislative bodies—one exercising delegated powers and the

other reserved powers in the sense the powers of both are spoken of in the Constitution of the United States. If the use of these words were unavoidable in the first instance, then this dual construction follows either naturally or as a practical necessity. *National Prohibition Cases,* 253 U. S., 350.

In *Railroad v. Fuller,* 17 Wall., 560; 21 L. Ed., 710 (opinion by *Mr. Justice Swayne),* it is said:

"In the complex system of polity, which exists in this country, the powers of government may be divided into four classes:

"(1) Those which belong exclusively to the states.

"(2) Those which belong exclusively to the National Government.

"(3) Those which may be exercised concurrently and independently by both.

"(4) And those which may be exercised by the states, but only until Congress shall see fit to act upon the subject. The authority of the states then retires, and lies in abeyance until the occasion for its exercise shall recur." See, also, *Ex parte McNeill,* 13 Wall., 240.

The power to deal with the subject-matter now in hand would seem to fall in the third class, as stated above. Hence, a conviction under the act of Congress would not preclude a prosecution under the state laws.

No error.

CLARK, C. J., concurring with the opinion of STACY, J., for the Court, that a conviction for violation of the Prohibition Law is not a bar on an indictment upon the same facts under the State law, for the defendant has committed two offenses: one against the United States and the other against the State of North Carolina: Adds, that as held by *Burwell, J.,* in *S. v. Stevens,* 114 N. C., 876, "The selling of a pint of whiskey may be a violation of both the State and Federal laws, and punishable in each jurisdiction"; and, also, there may be a violation of the revenue law of the State and of the statute against selling liquor to a minor, and a violation of a town ordinance for selling without a license." See citations to that case in the Anno. Ed.

In one of those cases, *S. v. Lytle,* 138 N. C., 740, it is said, citing *S. v. Stevens, supra,* that when, as in that case, there were provisions against selling without a license, one and the same act, *i. e.,* "selling the same glass of liquor, may be a violation of the town ordinance, and also a violation of the State law, if license has not been obtained from both; and further, the same act may be punishable by the Federal Government if in violation of its statutes; and, indeed, if the purchaser is a minor, the same single act may constitute a fourth distinct offense of selling spirituous liquor to a minor—and even a fifth if the sale is on Sunday. Although it is a single act, there may be thus a violation of

five statutes, and when in such case each statute requires proof of an additional fact, which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution under the other." All of these acts, which were indictable under the State statute, might, of course, be joined as counts in the same bill, or be made separate indictments, as the solicitor might elect.