WALISKI ET AL. *v.* STATE OF INDIANA.

[No. 24,213. Filed May 16, 1923.]

1. INTOXICATING LIQUORS.—*Prohibiting Sale.—Effect of Constitutional Amendment.*—The adoption of the Eighteenth amendment to the constitution of the United States in 1918, did not nullify the prohibition law of Indiana passed in 1917, (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1921). p. 234.

2. CONSTITUTIONAL LAW.—*Amendment to Federal Constitution.*—The first section of the Eighteenth amendment to the Federal Constitution became, upon its adoption, the supreme law of the land, by force of Art. 6 of U. S. Constitution, and invalidated every legislative act, whether by Congress or a state assembly, which authorized or sanctioned what the amendment prohibits. p. 234.

3. CONSTITUTIONAL LAW.—*Eighteenth Amendment.—Prior State Legislation.—Validity.*—Under the second section of the Eighteenth amendment to the Federal Constitution, giving to the states concurrent jurisdiction of the enforcement of the prohibition contained in the first section, by appropriate legislation,

the prohibition law of Indiana is not less appropriate legislation because it was enacted prior to the adoption of the amendment.  p. 236.

4. CRIMINAL LAW.— *Evidence.*— *Sufficiency.*— In a prosecution for violations of the prohibition law where the testimony of witnesses before the trial court supported every essential element of the charge, the Supreme Court is bound to accept the conclusion of the trial court as to the guilt of the defendants. p. 236.

5. CRIMINAL LAW.—*Indictment.*—*Appeal.*—*Questions Presented.* —An indictment or affidavit cannot be tested for the first time by an assignment of error on appeal.  p. 237.

From Vigo Circuit Court; *John P. Jeffries,* Judge.

Prosecution by the State of Indiana against Peter Waliski and Anna Waliski for maintaining a common nuisance and keeping intoxicating liquor with intent to sell.  From a judgment of conviction, the defendants appeal.  *Affirmed.*

*Josiah T. Walker* and *Gerdink & Gerdink,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

MYERS, J.—Appellants were prosecuted upon an indictment in two counts.  The first count charged appellants with maintaining a common nuisance by keeping a public building where intoxicating liquors were kept for sale, in violation of §20, Acts 1917 p. 15, §8356t Burns' Supp. 1921.  The second count charged appellants with unlawfully keeping intoxicating liquors with intent to sell, in violation of Acts 1917 p. 15, §4, as amended, Acts 1921 p. 736, §1, §8356d Burns' Supp. 1921.  From a conviction and judgment assessing a fine against appellant Anna Waliski, and a fine and imprisonment against appellant Peter Waliski, they prosecuted this appeal, assigning as errors the overruling

of their separate and several motions for a new trial, the overruling of their separate and several motions in arrest of judgment, and that the indictment failed to state facts sufficient to constitute a public offense.

In support of the motion for a new trial, appellants earnestly insist that the decision of the court was contrary to law, for the reason that the Eighteenth

1. Amendment to the federal Constitution had the effect of nullifying all state laws making it unlawful to manufacture or sell intoxicating liquors. They say that the prohibition law of 1917 (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1921) was the exercise of inherent power, and the vesting of that power in the federal government by the states exhausted their power over the particular subject, except in so far as §2 of the amendment granted special power to the states. The question thus submitted by appellants was before this court in the case of *Palmer* v. *State* (1921), 191 Ind. 683, 133 N. E. 388. In the consideration of this case we have re-examined the Palmer case, with the result that we are still satisfied with the conclusion therein reached. We may add, the first section of the amendment by Art. 6 of the federal Constitution

2. is made a part of the supreme law of the land "and of its own force invalidates every legislative act—whether by Congress, by a state legislature, or by a territorial assembly—which authorizes or sanctions what the section prohibits" (*National Prohibition Cases* [1919], 253 U. S. 350, 387, 40 Sup. Ct. 486, 488, 64 L. Ed. 946), that is to say, it prohibits these various legislative bodies from enacting laws authorizing "the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territories subject to the jurisdiction thereof for beverage purposes." It is a grant of power from the states, and

it is national in scope; but in connection therewith is Amendment 18, U. S. Constitution, §2, which provides that, "the congress and the several states shall have concurrent power to enforce this article by appropriate legislation." It has been said that "a concurrent power excludes the idea of a dependent power." *Passenger Cases* (1842), 7 How. 283, 399, 12 L. Ed. 702. Much has been and more may be said relative to a correct definition which may be assigned to the words "concurrent power" found in §2, *supra.* Considering the connection in which these words are used, and the object to be attained, they would seem to suggest the thought of harmony of action or concurrence of action between the federal and the state governments, each acting within its own sphere, but with one common purpose in view. This would be a practical, although it may be considered a forced construction of these words to meet the exigencies of the matter in hand. We are well aware that good logical reasoning may be offered tending to support the conclusion that to thus define the words "concurrent power" would not quite harmonize with the settled distribution of powers long recognized between our federal and state governments. Justice McKenna, in his dissenting opinion in the National Prohibition Cases, *supra,* p. 399, aptly points out the considerations which led to the true dividing line between national and state sovereignty, thereafter given the seal of approval by the Supreme Court of the United States. The distribution of powers thus approved was: "(1) Powers that were exclusive in the states—reserved to them; (2) Powers that were exclusive in Congress, conferred upon it; (3) Powers that were not exclusive in either, and hence said to be 'concurrent.' And it was decided that, when exercised by Congress, they were supreme—'The authority of the states then retires' to inaction."

In the National Prohibition Cases, *supra,* the major-

ity of the court concurred in eleven general conclusions without giving any reasons for the results thus 3. reached, but from these conclusions the deduction must follow that the states are not precluded by the Eighteenth Amendment from enacting laws in aid of national prohibition. The prohibition law of this state is not less appropriate legislation, because it was in existence at the time the Eighteenth Amendment was ratified. The law here attacked, in principle, has been sustained by our federal Supreme Court, and hence we conclude that appellants' insistence is not well taken. *Vigliotti* v. *Commonwealth of Pennsylvania* (1922), 257 U. S. 403, 42 Sup. Ct. 330, 66 L. Ed. 686; *Hess* v. *State* (1922), 192 Ind. 50, 135 N. E. 145.

It is next insisted that the decision of the court was not supported by sufficient evidence, and for that reason it was contrary to law. Without attempting 4. to set out the evidence either for the state or the defendants, it is enough to say that, if the court believed the witness for the state, the evidence was quite sufficient to authorize a finding that both appellants were guilty as charged, especially as to count 2 of the indictment. However, we may say, in justification of appellants, that the witnesses for the state fixed March 19, 1922, as the date of the offense. The evidence on behalf of the defendants, if believed, clearly established an alibi for both of them on that day. There was also much evidence by various citizens and neighbors of appellants to the effect that they never saw anything indicating that intoxicating liquors were being kept by them for any purpose. All of these witnesses were before the court, and for us to disturb the judgment would require that we weigh the evidence, which it is not our province to do. When there is evidence, as in this case, tending to prove each of the essential elements to support the charge, however its weight may

appear to us, we are bound to accept the conclusion of the trial court thereon.

Appellants' motion in arrest of judgment was properly overruled. The court unquestionably had jurisdiction of the subject-matter and of the parties. Hence, there was no basis for the motion on jurisdictional grounds. That part of the motion which rests upon insufficient facts to constitute a public offense is made to depend upon there being no law in force in this state authorizing the alleged charge. We have already disposed of that question by our ruling sustaining the law under which appellants were prosecuted.

No question is presented by appellants' third assignment of error. This court has many times held that an indictment or affidavit cannot be tested for the first time by an assignment of error on appeal. *Bills* v. *State* (1918), 187 Ind. 721; *Underhill* v. *State* (1916), 185 Ind. 587; *Robinson* v. *State* (1916), 184 Ind. 208; *Boos* v. *State* (1914), 181 Ind. 562.

The alleged errors pointed out by appellants, all of which we have considered, will not justify us in disturbing the conclusion of the trial court.

Judgment affirmed.