## STATE v. ESLEY EDMONDS.

(Filed 12 December, 1923.)

**1. Courts—Discretion—Verdict Set Aside—Criminal Law.**

The granting or refusal to set aside a verdict by the trial judge in a criminal prosecution on the ground that the verdict is contrary to the weight of the evidence is discretionary with him, and not reviewable on appeal.

**2. Intoxicating Liquor—Spirituous Liquor—Statutes—Federal Statutes— Turlington Act—Defenses.**

The legislative purpose in the enactment of chapter 1, Public Laws of 1923 (Turlington Act), was to make the State statutes in the matter of unlawful manufacture or sale and transportation of intoxicating liquor, etc., conform to the Federal statute on the subject, and both are liberally construed to prevent, as a matter of public policy, the use of intoxicating liquor, as defined, for beverage purposes; and the defense is untenable that the defendant should not be convicted of violating our prohibition law because the Turlington Act became effective on the day he was tried in the Superior Court.

APPEAL by defendant from *Bryson, J.,* at February Term, 1923, of MADISON.

Criminal prosecution tried upon an indictment charging the defendant with violations of the prohibition law.

From a conviction and judgment pronounced thereon, defendant appealed.

STATE *v.* EDMONDS.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Reynolds, Reynolds & Howell for defendant.*

STACY, J. Defendant moved to set aside the verdict because, he alleges, it was against the overwhelming weight of the evidence. Motion overruled and exception. The granting of a new trial in a criminal prosecution, or its refusal, on the ground that the verdict is contrary to the weight of the evidence, is discretionary with the trial court and not reviewable on appeal. *S. v. Hancock,* 151 N. C., 699.

Defendant moved in arrest of judgment because he was indicted under the old law, and the "Turlington Act" went into effect the very day he was tried and convicted. This exception is fully met by what was said in *S. v. Foster,* 185 N. C., 674.

As indicated by its title, "An Act to Make the State Law Conform to the National Law in Relation to Intoxicating Liquors," chapter 1, Public Laws 1923, the purpose of the Legislature, in the passage of the Turlington Act, was to make the State law conform to the National law on the subject of prohibition. The two statutes, as now written, contain, in the main, exactly similar or practically similar provisions. And the chief purpose of each enactment is to prohibit and, as far as possible, to prevent, except as authorized by each statute, the manufacture, sale and transportation, for beverage purposes, of any and every kind of "intoxicating liquor"; and this is expressly defined to be any spirituous, vinous, malt or fermented liquor or liquid, fit for use for beverage purposes and containing one-half of one per centum or more of alcohol. *U. S. v. Dodson,* 268 Fed., 397. Accordingly, in each statute, Federal and State, the courts are enjoined to give a liberal construction to all the provisions of the act, to the end that the use of intoxicating liquor as a beverage may be prevented. *Rose v. United States,* 274 Fed., 245; *U. S. v. Crossen,* 264 Fed., 459. This is "appropriate legislation," calculated to aid in the enforcement of the Eighteenth Amendment to the Constitution of the United States, and hence it must be regarded by us as the established public policy on the subject. *S. v. Harrison,* 184 N. C., 762.

There is no error appearing on the record.